UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEON R. MILES,

        Plaintiff,

                                      Case No. 2:06-cv-19

v.                                      HON. GORDON J. QUIST

UNKNOWN FOUNTAIN, et al.,

        Defendant(s).

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Leon R. Miles, an inmate at the Bellamy Creek Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Corrections Officer Fountain and Resident Unit Manager Dodds. Defendant Dodds has not been served with a summons and complaint. Plaintiff alleges in his complaint that while incarcerated at the Kinross Correctional Facility defendants violated his Eighth Amendment rights.

Plaintiff alleges that on August 25, 2004, defendant Fountain ordered plaintiff to do a mock pack-up within an hour. Defendant Fountain then returned and took plaintiff's nitroglycerin and high blood pressure medications, and a legal brief plaintiff had prepared for the court. Plaintiff complained to other staff but was told that defendant Fountain had the medicines stored in his special locker which was only available to defendant Fountain. Two days later, plaintiff began experiencing chest pains. He told defendant Fountain, who just laughed at plaintiff. Plaintiff walked over to Health Care and was checked by a nurse. At that time, plaintiff was having a heart attack. Plaintiff was given nitroglycerine tablets and oxygen and then rushed to the War Memorial Hospital. Plaintiff

stayed overnight at the hospital and was transferred the next morning to Marquette General Hospital by ambulance where he underwent an operation. Plaintiff alleges that defendant Doddd, as defendant Fountain's supervisor, did not stop defendant Fountain's confiscation of the medicine and refusal to provide plaintiff's medicine.

Presently before the Court is defendant Fountain's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to demonstrate exhaustion of administrative remedies. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

In his motion to dismiss, defendant contends that plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See also Booth v. Churner*, 121 S. Ct. 1819, 1823-24 (2001). A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Booth*, 121 S. Ct. at 1823; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 121 S. Ct. 634 (2000); *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999); *Wyatt*, 193 F.3d at 878-79; *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

Plaintiff's claims against the named defendants are the type of claim that may be grieved. *See* MDOC Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement"); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000). A prisoner must specifically mention the involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 491, 505 (6th Cir. 2001).

A prisoner must allege and show that he has exhausted all available state remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 121 S. Ct. 634 (2000). A prisoner must make

- 3 -

particularized averments as necessary for the district court to determine what, if any, claims have been exhausted or what has been done in an attempt to exhaust the claims. *Id.*

Plaintiff has not presented a copy of his Step I grievance to the court. Defendant argues that plaintiff has failed to show that he exhausted his claims against defendants by establishing that he named the defendants in a Step I grievance. In order to properly exhaust Michigan Department of Corrections grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). However, where a prisoner has set forth a claim in his Step I grievance, he may present additional factual detail at Steps II and III that clarify his allegations at Step I, as a means of justifying his appeal. *Id.* Raising allegations against a particular defendant for the first time at Step II or III is insufficient to demonstrate exhaustion. *Id.* at 576 n.4. After reviewing the exhibits attached to plaintiff's complaint, it is not clear if plaintiff exhausted his claims against defendant Dodd. Based upon the Step III response dated October 29, 2004, it is clear that plaintiff named defendant Fountain in a Step I grievance. It is not clear that plaintiff named defendant Dodd in a Step I grievance. It is plaintiff's obligation to establish that he named defendant Dodd in his grievance filings. Defendant Dodd is entitled to dismissal from this action based upon plaintiff's failure to show exhaustion of grievance remedies.

Defendant Fountain argues that the entire complaint should be dismissed under the total exhaustion rule as set forth by the Sixth Circuit in *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). However, another panel of the Sixth Circuit has more recently held that *Jones-Bey* was improperly decided. In *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006), the court held that the "partial exhaustion rule" is the law of this circuit requiring the dismissal of only those claims that are unexhausted and allowing the case to proceed on the exhausted claims. Since the Sixth Circuit

is unable to affirmatively decide this issue, the safest course is to follow this newly established "partial exhaustion rule," until the Supreme Court hopefully resolves this issue later this term in *Williams v. Overton*, 126 S.Ct. 1463 (2006); *Jones v. Bock*, 125 S.Ct. 1462 (2006). Therefore, in the opinion of the undersigned, defendant Dodd only should be dismissed from this action without prejudice.

Plaintiff has filed a motion for sanctions because defendant continues to violate orders of the court and the Michigan Department of Corrections policy and procedures. Plaintiff argues that the Michigan Department of Corrections has not been effective in deterring abuse and sanctions should be imposed. Plaintiff is no longer confined in the prison where defendant works. Plaintiff has not asserted that any action of the defendant necessitated his filing of a motion for sanctions. In fact, plaintiff names non-defendants in his motion for sanctions. The court does not have jurisdiction over non-parties. Sanctions are unwarranted.

Plaintiff has filed a motion for summary judgment or for a jury trial. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as

true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that his medication was taken by defendant Fountain and he subsequently had a heart attack after defendant Fountain refused to return the medication.  Based upon exhibits filed in this case, defendant Fountain claims he returned plaintiff's medication to plaintiff on the same date that the medication was taken.  In the opinion of the undersigned, an issue of fact remains unresolved in this matter that cannot be decided upon a motion for summary judgment.

Accordingly, it is recommended that defendant Fountain's motion to dismiss (docket #6) be granted in part, dismissing only defendant Dodds without prejudice.[1]  It is further recommended that plaintiff's motion for sanctions (docket #18) and motion for summary judgment or for a jury trial (docket #22) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

---

[1] Defendant Dodds has not been served with a summons and complaint.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 26, 2006